UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LIURMA RUIZ,                                    MEMORANDUM & ORDER
                                                09 CV 4699 (RJD) (MDG)
                    Plaintiff,

        -against-

FOREST CITY ENTERPRISES, INC.,
TARGET CORPORATION, FUJITEC
AMERICA, INC., and FC HANSON
ASSOCIATES, LLC,

                    Defendants.
----------------------------------------------------------X

DEARIE, Chief Judge.

Liurma Ruiz, a New York resident, commenced this personal injury action in the Supreme Court of the State of New York, Kings County, against Target Corporation ("Target") and Forest City Enterprises, Inc., ("FCE"), alleging that she hurt her back when an elevator that she was riding in a Target store in Brooklyn's Atlantic Terminal Mall jumped erratically, causing her to fall. She sued FCE as the owner of the property on which the Target store is located.

On October 29, 2009, Target and FCE properly removed the action to this Court based on diversity jurisdiction. Since then, Ruiz has twice amended her complaint to add additional defendants. On January 11, 2010, she amended her complaint to add Fujitec America, Inc., ("Fujitech") when it was revealed during discovery that Fujitech manufactured the malfunctioning elevator. On May 26, 2010, Magistrate Judge Go granted Ruiz permission to file a second amended complaint to add FC Hanson Associates, LLC ("FC Hanson"), a New York limited liability company with its principal place of business in New York, after Ruiz discovered that FC Hanson, and not FCE, was the owner of the property on which the Target store is located.

Ruiz seeks to remand the action back to state court, arguing that FC Hanson's joinder has destroyed diversity and the Court has therefore been divested of subject matter jurisdiction. Defendants oppose remand, arguing that diversity is assessed at the time the action is filed, and therefore FC Hanson's joinder has not stripped the Court of jurisdiction. Alternatively, defendants argue that Ruiz has no chance to obtain relief from FC Hanson and that her "fraudulent joinder" of FC Hanson cannot destroy jurisdiction. For the reasons that follow, the Court concludes that Ruiz has the better of the argument. Accordingly, the matter is remanded to the state court.

## DISCUSSION

### I. 28 U.S.C. § 1447(e)

Despite the numerous letters sent to the Court by parties on both sides, not one mentions the controlling statute at issue, 28 U.S.C. § 1447(e). That statute provides that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The Court has broad discretion in deciding whether to permit joinder. See Sonn v. Wal-Mart Stores, Inc., 2006 WL 2546545, at *2 (S.D.N.Y. Sept. 1, 2006) (citing Briarpatch Ltd., L.P. v. Pate, 81 F. Supp. 2d 509, 515 (S.D.N.Y. 2000)). "[J]oinder of claims, parties and remedies is strongly encouraged" and the "impulse is toward the broadest possible scope of action consistent with fairness to the parties." Roll On Express, Inc. v. Travelers Indem. Co. of Connecticut, 2009 WL 1940731, at *2 (E.D.N.Y. July 2, 2009) (quoting United Mine Workers v. Gibbs, 383 U.S. 715, 724 (1966)).

Defendants point to the Supreme Court's decision in Freeport-McMoRan, Inc. v. KN Energy, Inc., 498 U.S. 426 (1991), as support for their position that diversity jurisdiction is

2

determined by the citizenship of the parties at the time the action is filed and that remand is therefore not appropriate. Freeport-McMoRan, however, did not mention, let alone discuss, § 1447(e)'s express language permitting joinder and remand where the addition of a non-diverse party after removal destroys jurisdiction; rather, the issue before the Supreme Court was whether the plaintiff's addition of a non-diverse entity pursuant to Rule 25 of the Federal Rules of Civil Procedure destroyed jurisdiction. Rule 25, which deals with the substitution or addition of parties upon a transfer of interest, is of no relevance here, and to read Freeport-McMoRan as requiring that jurisdiction be determined by the parties' citizenship at the time of the initial filing of the complaint under the present circumstances would effectively render § 1447(e)'s express language permitting remand after removal a nullity. Accordingly, while the Second Circuit has not expressly addressed the issue of whether Freeport-McMoRan's holding is applicable outside the Rule 25 context, the Court agrees with the district courts in this Circuit and the other circuit courts that have held it is not. See e.g., Price v. Marsh USA, Inc., 2007 WL 294082, at *4 n.4 (D. Vt. Jan. 25, 2007) (citing Williams v. Dow Chem. Co., 326 F. Supp. 2d 443, 446 (S.D.N.Y. 2004) (collecting cases)).

II. Fraudulent Joinder

In determining whether to permit joinder of a non-diverse defendant and remand the matter, the Court must engage in a two-step analysis. See McGee, M.D. v. State Farm Mutual Automobile Ins. Co., 684 F. Supp. 2d 258, 262 (E.D.N.Y. 2009). First, the Court must determine whether "joinder [is] merely permissible under Rule 20 of the Federal Rules of Civil Procedure." Id. If joinder is permissible, the Court must then "ascertain whether the balancing of certain relevant considerations weighs in favor of joinder and its necessarily attendant remand." Id.

3

(quoting Roll On Express, Inc. v. Travelers Indem. Co. of Connecticut, 2009 WL 1940731, at *2 (E.D.N.Y. July 2, 2009)).[1]

Rule 20(a)(2) permits joinder when "any right to relief is asserted against [the defendants] jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Ruiz's second amended complaint asserts negligence claims against Target, Fujitech (the elevator manufacturer), and FC Hanson (the property owner), seeking damages for the injuries that she purportedly suffered when the elevator located in the Target store malfunctioned. Because Ruiz's claim against FC Hanson clearly arises out of the same transaction as her claims against the other defendants and will certainly raise common questions of law and fact, joinder of FC Hanson is permissible.

Turning to the second step of the inquiry, the critical issue is whether joinder comports with principles of fundamental fairness. In resolving that issue, the Court utilizes the four-factor test first crystallized in Gursky v. Northwestern Mut. Life Ins. Co., 139 F.R.D 279, 282 (E.D.N.Y. 1991) and routinely used by the courts of this Circuit. See Abraham Natural Foods Corp. v. Mount Vernon Fire Ins. Co., 576 F. Supp. 2d 421, 425 (E.D.N.Y. 2008); McGee, 684 F. Supp. 2d at 263 (citing cases). The four factors are: (1) whether the plaintiff has unduly delayed moving to amend and its reason(s) for doing so; (2) whether the defendants will be prejudiced by remand; (3) whether there is a likelihood of multiple litigations in the event that joinder is not ordered; and (4) whether the plaintiff was motivated to amend to destroy jurisdiction. The factors, though not exclusive, aid the Court in "weigh[ing] the competing interests in efficient

---

[1] Defendants' argument that remand is not warranted because FC Hanson is not an indispensable party to the litigation misses the mark. The issue is not whether FC Hanson is an indispensable party to the action but merely whether its joinder is permissible under Rule 20. Abraham, 576 F. Supp. 2d at 425.

4

adjudication and the need to protect diversity jurisdiction from manipulation." Abraham, 576 F. Supp. 2d at 425.

All four factors weigh in favor of remand. As for the first factor, although several months elapsed between defendants' removal and Ruiz's joinder of FC Hanson, defendants do not contend that Ruiz acted in bad faith in delaying or claim that they have been unfairly prejudiced by the delay. "Absent a showing of bad faith or undue prejudice, 'mere delay' does not provide a basis for the district court to deny the right to amend." Roll On Express, Inc., 2009 WL 1940731, at *3 (citing cases). As for the second factor, defendants do not contend that they will be prejudiced by remand and the Court cannot think of any way in which they would. Turning to the third factor, the Court finds that there is a likelihood of multiple litigations in the event that joinder is not permitted. Ruiz initially sued in state court both Target and FCE -- the entity that she initially alleged was the property owner -- and the Court has no reason to believe that she will not file suit against FC Hanson there in the event that joinder is not permitted.

The fourth factor, whether Ruiz was motivated to join FC Hanson to destroy remand, also weighs in favor of remand. In determining a plaintiff's motivation, courts typically look to the timing of the joinder, the circumstances of the case, and whether there is a cause of action against the non-diverse defendant. See Sonn, 2006 WL 2546545, at *3. Where, as here, a plaintiff "discovers new information, subsequent to filing its complaint, that warrants the addition of new parties," courts have routinely held that no inference arises that the plaintiff was motivated to join the defendant solely to defeat jurisdiction. See Roll On Express, Inc., 2009 WL 1940731, at *6 (citing cases).

Nonetheless, defendants insist that remand should be denied because Ruiz's joinder is "fraudulent" in that she has no recognizable claim against FC Hanson. "A plaintiff may not

5

defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." Briarpatch Ltd., L.P. v. Pate, 81 F. Supp. 2d at 516 (citing Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 460-61 (2d Cir. 1998) (citing cases)). To show fraudulent joinder, however:

> the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court. The defendant seeking removal bears a heavy burden of proving fraudulent joinder, and all factual and legal issues must be resolved in favor of the plaintiff.

Id. (citing Pampillonia, 138 F.3d at 461).

In addition, "courts apply the state pleading rules relevant to the particular pleading at issue in deciding whether a plaintiff could have asserted a viable claim in state court based on that pleading," MBIA Insurance Corp. v. Royal Bank of Canada, --- F. Supp. 2d ----, 2009 WL 6357936, at *9 (S.D.N.Y. Dec. 30, 2009) (citing cases), and "the complaint is subjected to 'less searching scrutiny than on a motion to dismiss for failure to state a claim,'" Campisi v. Swissport Cargo Services, LP, 2010 WL 375878, at *2 (E.D.N.Y. Jan. 26, 2010) (quoting Intershoe, Inc. v. Filantro SPA, 97 F. Supp. 2d 471, 474 (S.D.N.Y. 2000)).

Defendants have not met their heavy burden of demonstrating by clear and convincing evidence that there is "no possibility, based on the pleadings," that Ruiz can state a cause of action against FC Hanson under state law.[2] Ruiz alleges in her second amended complaint that FC Hanson "owned the premises located at 125-151 Flatbush Avenue in the County of Kings, State of New York, known as the Atlantic Terminal Mall" and that FC Hanson "operated," "managed," "controlled," "maintained," and "repaired" the premises. See Second Am. Compl. ¶¶ 17-22. Defendants argue that FC Hanson cannot be found liable under New York law

---

[2] Defendants do not allege that Ruiz committed outright fraud in her pleading.

because "an out-of-possession property owner is not liable for injuries that occur on the property unless the owner has retained control over the premises or is contractually obligated to perform maintenance or repairs," Grippo v. City of New York, 45 A.D.3d 639, 640 (2d Dept. 2007), and FC Hanson does not fall under either exception. Under New York's liberal pleading standard, however, Ruiz has stated a negligence claim against FC Hanson. Cf. MBIA Insurance Corp., 2009 WL 6357936, at *9 (under New York's liberal pleading rules, plaintiff need only provide "at least basic information concerning the nature of plaintiff's claim and the relief sought") (quoting Parker v. Mack, 61 N.Y.2d 114 (1984)); Schlackman v. Robin S. Weingast & Assocs., Inc., 18 A.D.3d 729 (2005) ("A pleading attacked for insufficiency must be accorded a liberal construction, and if it states, in some recognizable form, any cause of action known to our law, it cannot be dismissed."). Whether FC Hanson controls or is obligated to repair the premises is a question of fact that cannot be resolved at the pleading stage. Thus, while defendants may ultimately prevail in state court, the Court cannot say that there is no possibility that Ruiz will prevail and "[a]ny possibility of recovery, however slim, weighs against a finding of fraudulent joinder and in favor of remand." DNJ Logistic Group, Inc. v. DHL Exp. (USA), Inc., --- F. Supp. 2d ----, 2010 WL 2976493, at *10 (E.D.N.Y. 2010) (quoting Winters v. Alza Corp., 690 F. Supp. 2d 350, 353 (S.D.N.Y. 2010)).[3]

---

[3] There is disagreement among the district courts of the circuit as to whether a party opposing remand must establish by clear and convincing evidence that the plaintiff has "no possibility" of stating a cause of action in state court or whether it must merely establish that the plaintiff has no reasonable probability of success. Compare e.g., MBIA Insurance Corp., 2009 WL 6357936, at *15, n.7 ("no possibility" standard) with In re Rezulin Products Liability Litig., 133 F. Supp. 2d 272 (S.D.N.Y. 2001) (no reasonable basis standard); see also In re Fosamax Products Liability Litig., 2008 WL 2940560, at *3 (S.D.N.Y. July 29, 2008) (recognizing disagreement). The Court agrees with MBIA and the majority of district courts that have held that the Second Circuit means exactly what it says in requiring the party opposing remand to establish by clear and convincing evidence "that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action." Indeed, the Circuit, presumably aware of the disagreement among the district

7

## CONCLUSION

For the reasons stated above, the Court concludes that Ruiz's joinder of FC Hanson is appropriate. Because joinder destroys the Court's subject matter jurisdiction over this case, the Court remands the matter to the state from which it came pursuant to 28 U.S.C. § 1447(c). The Clerk of the Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
August _17_, 2010

s/ Judge Raymond J. Dearie

RAYMOND J. DEARIE
United States District Judge

---

district courts, recently reiterated that "[u]nder the [fraudulent joinder] doctrine, courts overlook the presence of a non-diverse defendant if from the pleadings there is no possibility that the claims asserted against that defendant could be asserted in state court." Bounds v. Pine Belt Mental Health Care Resources, 593 F.3d 209, 216 (2d Cir. 2010) (quoting Briarpatch Ltd, L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 302 (2d Cir. 2004) (emphasis supplied)).